1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DARIO RODRIGUEZ,

    *Petitioner*,

vs.

E.K McDANIEL, *et al.,*

    *Respondents*.

2:16-cv-00629-JCM-VCF

ORDER

    This is a habeas corpus proceeding under 28 U.S.C. § 2254.  Petitioner, Dario Rodriguez, has filed a motion for leave to proceed *in forma pauperis* and a financial certificate (ECF No. 1) which show that he is unable to pay the filing fee of $5.00 required to initiate this action.   Accordingly, his motion for leave to proceed *in forma pauperis* shall be granted.

    The court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254, and concludes that the petition shall be dismissed without leave to amend.  Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus

1  should not be dismissed without leave to amend unless it appears that no tenable claim for relief can

2  be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9ᵗʰ Cir. 1971).

3      Rodriguez raises three grounds for relief in his petition, each drafted in a rambling, nearly-

4  incomprehensible manner.  The first ground appears to allege that prison officials have conspired to

5  fabricate charges against him, which resulted in unfair parole decisions in 2008 and 2012.[1]  The second

6  ground appears to challenge the loss of good time credits due to what Rodriguez claims is an effort by

7  prison officials to make sure he serves as much time as possible.  With the third ground, Rodriguez

8  appears to be seeking release from disciplinary segregation, where. according his allegations, he was

9  placed as a result of charges manufactured by prison officials.  Setting aside this court's inability to

10  discern the specific facts underlying them, Rodriguez's claims for habeas relief are defective for the

11  reasons that follow.

12          *Ground One*

13      A state prisoner does not have a federal constitutional right "to be conditionally released before

14  the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."

15  *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  Because habeas relief is not available for errors of state

16  law, federal courts may not intervene in parole decisions as long as minimum procedural protections

17  are provided.  *Id*.  Federal due process protection for such a state-created liberty interest is "minimal,"

18  the determination being whether "the minimum procedures adequate for due-process protection of that

19  interest" have been met.  *Id*. at 220-21.  The inquiry is limited to whether the prisoner was given the

20  opportunity to be heard and received a statement of the reasons why parole was denied.  *Id*.; *Miller v.*

21  *Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9ᵗʰ Cir. 2011) ("The Supreme

22  Court held in *Cooke* that in the context of parole eligibility decisions the due process right is

23  *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for

24  a parole board's decision.") (emphasis in original).  This procedural inquiry is "the beginning and the

25  end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner

26  is denied parole.  Cooke, 562 U.S. at 220.  The Ninth Circuit has acknowledged that after *Cooke*,

27

28      [1]  It is not clear in the petition whether the decisions were denials or revocations of parole.

1    substantive challenges to parole decisions are not cognizable in habeas. *Roberts v. Hartley*, 640 F.3d

2    1042, 1046 (9th Cir. 2011).

3       There is no allegation in Ground One that Rodriguez was denied a fair hearing or a statement

4    of reasons for the parole board's decisions. This ground does not state a claim for relief cognizable in

5    a federal habeas proceeding. Moreover, even if Rodriguez were to bring a procedural challenge to the

6    decisions, his claims would likely be time-barred. *See* 28 U.S.C. § 2254(d)(1)(D) (one-year limitation

7    period begins running "the date on which the factual predicate of the claim or claims presented could

8    have been discovered through the exercise of due diligence").

9          *Grounds Two and Three*

10      Rodriguez's claim for relief in relation to loss of good time credits is potentially cognizable in

11   a federal habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that the sole

12   federal remedy for a state prisoner seeking a determination that he is entitled a speedier release from

13   imprisonment is a writ of habeas corpus). Likewise, habeas corpus jurisdiction may also be available

14   for his claim seeking release from disciplinary segregation. *See Bostic v. Carlson*, 884 F.2d 1267, 1269

15   (9th Cir. 1989). That being the case, however, Rodriguez is also required to exhaust state court remedies

16   before seeking federal habeas relief. *See Preiser*, 411 U.S. at 477 (citing to 28 U.S.C. § 2254(b).

17      In his petition, Rodriguez affirmatively indicates that he has not sought relief in state court with

18   respect to any of the claims presented in his petition. On that basis alone, this court is required to

19   dismiss his petition unless Rodriguez is entitled to stay and abeyance under *Rhines v. Weber*, 544 U.S.

20   269 (2005). *See Mena v. Long*, 813 F.3d 909-11 (9th Cir. 2016) (addressing the interplay of *Rhines* and

21   the total exhaustion requirement in *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). Given the lack of any

22   indication that his claims are potentially meritorious or that he has good cause for not exhausting his

23   claims, Rodriguez is not entitled to a *Rhines* stay. *See Rhines*, 544 U.S. at 277-78.

24      Because the foregoing defects cannot be cured by amendment, the court concludes that it would

25   be futile to grant Rodriguez leave to amend his petition. Accordingly, his petition shall be dismissed.

26      **IT IS THEREFORE  ORDERED**  that petitioner's motion for leave to proceed *in forma*

27   *pauperis* (ECF No. 1) is GRANTED. The Clerk shall **file** the petition.

28      **IT IS FURTHER ORDERED** the petition for writ of habeas corpus  is DISMISSED without

leave to amend.  The Clerk shall **enter** judgment accordingly.

        **IT IS FURTHER ORDERED** that the court declines to issue a certificate of appealability.

        **IT IS FURTHER ORDERED** that the Clerk shall **serve** a copy of the petition and this order on the respondents via the Nevada Attorney General.

        DATED:  May 13, 2016.

_____
UNITED STATES DISTRICT JUDGE

-4-