# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARIO RODRIGUEZ,

    *Petitioner*,

vs.

E.K McDANIEL, *et al.,*

    *Respondents*.

2:16-cv-00629-JCM-VCF

ORDER

This is a habeas corpus proceeding under 28 U.S.C. § 2254. On October 13, 2016, while his appeal was pending in the court of appeals, petitioner filed, in this court, a "Motion for Leave to File Longer Than Normal First Amended Petition for Writ of Habeas Corpus (ECF No. 11) and a "Motion to Extend Prison Copywork Limit" (ECF No. 12). Because the court of appeals has rendered a final decision denying petitioner's appeal (ECF No. 14), this court has arguably reacquired jurisdiction over this proceeding. *See Sgaraglino v. State Farm Fire & Cas. Co.*, 896 F.2d 420, 421 (9th Cir.1990) ("Upon issuance of the mandate, the case was returned to the district court's jurisdiction"). Even so, this court declines to permit petitioner to file an amended habeas petition.

Once final judgment is entered in a case, a motion to amend can be entertained only if the judgment has been reopened by way of a motion for new trial or for relief from judgment under Fed.R.Civ.P. 59 and 60. *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996); *see also Jacobs v. Tempur–Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). That has not occurred in this case. In addition, the dismissal of petitioner's prior petition for failure to state a claim constitutes a dismissal on the merits. *See, Plaut v. Spendthrift Farm, Inc*., 514 U.S. 211, 228 (1995); *Federated Dept. Stores,*

1   *Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) (noting that a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a judgment on the merits); *Williams v. Armontrout*, 855 F.2d 578, 580 (8th Cir. 1988) (dismissal for legal insufficiency, or not stating facts constituting a violation of constitutional rights as a matter of law, is a decision on the merits). Thus, petitioner's proposed amended petition is properly characterized as a second or successive petition under 28 U.S.C. § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (noting that a habeas petition is second or successive for the purposes of § 2244(b) if it raises claims that were or could have been adjudicated on the merits). That means this court is without jurisdiction to entertain it until petitioner receives authorization from the court of appeals to file it. 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 157 (2007)

    IT IS THEREFORE ORDERED that petitioner's "Motion for Leave to File Longer Than Normal First Amended Petition for Writ of Habeas" Corpus (ECF No. 11) and a "Motion to Extend Prison Copywork Limit" (ECF No. 12) are both DENIED.

    IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability with respect to this order.

    DATED: April 24, 2017.

                                                               _____
                                                               UNITED STATES DISTRICT JUDGE